**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BRIAN EVAN LEAF,

        Defendant-Appellant.

No. 05-7078

(D.C. Nos. 04-CV-236-P
and 02-CR-14-P)

(E. D. Okla.)

---

**ORDER**

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Appellant, a federal prisoner appearing pro se, seeks habeas relief pursuant to 28 U.S.C. § 2255. Appellant was convicted of various assault, firearms, and forfeiture charges and was sentenced to 207 months' imprisonment on August 21, 2002. On October 9, 2002, Appellant filed a pro se motion for leave of court to file an appeal out of time, which was granted. On February 20, 2003, we entered an order dismissing that appeal as untimely.

In his § 2255 petition, Appellant sought relief from the district court alleging:

> (1) ineffective assistance of counsel in failing to file a time[ly] Notice of Appeal; (2) ineffective assistance in allowing the gun "to be brought back in" after it was suppressed, resulting in a coerced plea; (3) ineffective

assistance in not challenging the factual basis set forth in the PSI; and (4) ineffective assistance in threatening and intimidating Petitioner into accepting a plea when he is actually innocent of assault because the firearm "accidentally" discharged.

Order, 3 (E.D. Okla. May 20, 2005). The district court held an evidentiary hearing on Appellant's allegation that counsel was ineffective for failing to file a timely notice of appeal. *Id*. at 4. At this hearing, defense counsel testified that he had informed Appellant of his right to appeal and that Appellant advised him that he did not wish to file an appeal. *Id*. at 5. The district court found that counsel was not ineffective in this regard. The district court also determined that "[a]s to Petitioner's remaining allegations of ineffective assistance of counsel, this Court find[s] Petitioner has failed to establish prejudice." *Id*. Specifically, the court held that "there is simply no merit to Petitioner's allegations that sentencing errors were caused by defense counsel's agreeing with the PSI and not contesting the charge." *Id*. at 6.

The district court denied Appellant's motion to vacate, pursuant to 28 U.S.C. § 2255. *Id*. at 7. In a separate order, the district court denied him a certificate of appealability. Order (E.D. Okla. July 18, 2005). The issues Appellant raises in this appeal are identical to those he brought before the district court.

To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994).

-2-

To meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its order of May 20, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-